**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUZ GARCIA-ACOSTA,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>THE TJX COMPANIES, INC. d/b/a T.J.<br>MAXX,<br><br>　　　　Defendant(s). | Case No. 2:24-cv-00427-NJK<br><br>**Order** |

Pending before the Court is the order to show cause why the case should not be remanded for lack of subject matter jurisdiction. Docket No. 9. Defendant filed a response. Docket No. 15. Also pending before the Court is Plaintiff's motion to remand. Docket No. 12. The parties consent to the undersigned magistrate judge presiding over this case. *See* Docket Nos. 4-5; *see also* Fed. R. Civ. P. 73. For the reasons discussed below, this case is hereby **REMANDED** to state court.

**I.    BACKGROUND**

Plaintiff alleges that she slipped and fell on a wipe or towel that was on the floor of Defendant's T.J. Maxx establishment in Henderson, Nevada. Docket No. 1-2 at ¶¶ 6-7. On January 5, 2024, Plaintiff filed suit in state court. Docket No. 1-2 at 1. On March 1, 2024, Defendant removed the case to federal court based on diversity jurisdiction. Docket No. 1.

**II.    STANDARDS**

When a case is filed in state court between parties who are citizens of different states and the case value exceeds $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and there is a strong presumption against removal jurisdiction, *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The defendant always has the burden of establishing that removal is proper. *Id.* This burden is usually satisfied

if the plaintiff claims a sum greater than the threshold requirement. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)). If the amount of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendants may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The amount in controversy is judged based on the relief claimed at the time of removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

## III.    DISCUSSION

Defendant has filed a bare-bones response to the order to show cause, Docket No. 15, which does not satisfy its burden of establishing subject matter jurisdiction.

As to the amount in controversy, the complaint itself does not exceed the $75,000 jurisdictional minimum. *See* Docket No. 1-2. Moreover, at the time of removal, Plaintiff claimed only $24,328.87 in medical costs. Docket No. 1-4 at 5. Defendant removed in reliance on a settlement demand that Plaintiff made on August 30, 2023, in which Plaintiff sought $125,000. *See* Docket No. 1 at 1; *see also* Docket No. 1-5 at 1. While settlement demands may in some instance be probative of an amount in controversy exceeding the jurisdictional minimum, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 & n.3 (9th Cir. 2002), Plaintiff lowered that demand to $74,999 on September 25, 2023. Docket No. 12 at 6. Defendant removed the case thereafter on March 1, 2024. *See* Docket No. 1.

Defendant provides no meaningful argument as to how it has met its burden of establishing an amount in controversy in excess of $75,000 given the record at the time of removal of $24,328.87 in medical costs and a settlement demand of $74,999. *See* Docket No. 15 (response to

1    order to show cause).  Instead, defense counsel merely proffers that they were unaware of the lower

2    settlement demand when they decided to remove the case.  *See id.* at 1-2.[1]

3        Defendant having failed to meet its jurisdictional burden, remand is warranted.[2]

4    **IV.     CONCLUSION**

5        For the reasons discussed above, this case is hereby **REMANDED** to the Eighth Judicial

6    District Court, Case No. A-24-884655-C, Department 5.  The Clerk's Office is **INSTRUCTED** to

7    close this case.

8        IT IS SO ORDERED.

9        Dated: April 29, 2024

10   _____

     Nancy J. Koppe
11   United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

[1] Defendant also indicates that Plaintiff has not provided initial disclosures with a damages
22   computation, Docket No. 15 at 1, but the Court declines to consider that issue because Defendant
     fails to offer meaningfully developed argument as to why remand can be avoided on that basis.
23   *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

24   [2] Even were the Court to rely on the earlier $125,000 settlement demand, it is not clear that
     the jurisdictional minimum would be met in this case.  *See, e.g.*, *Randolph v. Albertsons LLC*, 2020
25   WL 7055894, at *2 (D. Nev. Dec. 2, 2020) (case involving $32,811.24 in medical costs and a
     settlement demand of $164,800); *Guerrero v. Panda Express, Inc.*, 2019 WL 1933751, at *2 (D.
26   Nev. May 1, 2019) (case involving $17,651.92 in medical costs and a settlement demand of
     $100,000); *Cayer v. Vons Cos.*, 2017 WL 3115294, at *3-4 (D. Nev. July 21, 2017) (case involving
27   $40,054.76 in actual damages and a settlement demand of $1,000,000); *Hanshew v. Blazin Wings,
     Inc.*, 2016 WL 7489043, at *2 (D. Nev. Dec. 30, 2016) (case involving $41,537.41 in medical
28   costs and lost wages, and a settlement demand of $325,000).